**IN THE US DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT LAUDERDALE)**

| | | |
|---|---|---|
| JUSTICE SMITH | ) | CIVIL ACTION |
| | ) | |
| DANIELLE ROBINSON | ) | |
| | ) | CASE NO. |
| Plaintiff(s) | ) | |
| | ) | **JURY DEMAND** |
| VS | ) | |
| | ) | |
| NORTH BROWARD HOSPITAL | ) | |
| DISTRICT d/b/a BROWARD HEALTH | ) | |
| | ) | |
| Defendant | ) | |

### I.     COMPLAINT INTRODUCTION

1. Justice Smith and Danielle Robinson ("Plaintiff(s)" Hereinafter) is giving judicial notice that NORTH BROWARD HEALTH HISPITAL DISTRICT ("Defendant" or "BROWARD HEALTH" Hereinafter) is in violation of the Health Insurance Portability and Accountability Act ("HIPAA" Hereinafter), which is to protect unauthorized access to or use of Protected Health Information. This claim arises out of Defendants' recent data breach that a third party health care provider has gained access to its network around October 15, 2021.

### II.     JURISDICTION

2. Jurisdiction of this court arises under federal question pursuant to 28 U.S Code § 1331.

3. This court has personal jurisdiction because Defendant has a corporate office within the State of Florida.

### III.     PARTIES

1

4. Plaintiff, Justice Smith place of abode is in the State of Florida from whom she has entrusted Defendant with personal identifying information by receiving medical care.

5. Plaintiff, Danielle Robinson place of abode is in the State of Florida from whom she has entrusted Defendant with personal identifying information by receiving medical care.

6. Plaintiff(s) place of abode is in Broward County, Florida.

7. Plaintiff(s) are consumers who are the subject of Protected Health Information.

8. Defendant, NORTH BROWARD HOSPITAL DISTRICT is a "Health Care Provider" as defined pursuant to HIPAA 45 CFR § 160.103.

9. Defendant Principal Address is 1800 NW 49TH STREET FORT LAUDERDALE, FL 33309.

10. Defendant is an entity who Plaintiff(s) entrusted to keep their Protected Health Information secured and confidential as promised in their privacy policy and has commit unlawful acts to interfere with commerce.

11. The "Protected Health Information" is defined pursuant to HIPAA 45 CFR § 160.103.

### IV. STATEMENT OF CLAIM

12. Occasionally, Plaintiff(s) has received medical care from Defendant.

13. Plaintiff(s) entrusted Defendant with vital information such as their name, date of birth, address, phone number, financial or bank information, social security number, insurance information and account number, medical information including history, condition, treatment and diagnosis, medical record number, driver's license number and email.

14. This Protected Health Information all of which was accessed by the "third-party medical provider who is permitted access to the system to provide healthcare services."

15. In the month of January Plaintiff(s) has received a letter dated January 1, 2022 regarding "Notification of breach involving Personal Medical Information."

16. Defendant has "determined" that Plaintiff(s) personal medical information was included in the data breach accessed by the intruder.

17. On October 15, 2021 "an intruder" has gained unauthorized access to Defendants network.

18. Not only has Plaintiff(s) Protected Health Information was accessed without authority, Defendant has also stated "This personal information was exfiltrated, or removed from Broward Health Systems"

19. Defendant knew that Plaintiff(s) Protected Health Information came with substantial responsibility as it has a privacy policy "Notice Of Privacy Practices For Protected Health Information." And is required to follow Federal HIPAA Regulations.

20. Defendant "Notice of Privacy Practices For Protected Health Information" states Broward Health duties and responsibilities (1) Maintain the privacy of protected health information. (2) Provide you with notice of our legal duties and privacy practices with respect to protected health information.

21. Defendant Notice of Privacy Practices For Protected Health Information also states that they will "abide by the most stringent of the regulations as they pertain to protected health information, including obtaining your prior written authorization, as required, before any such information is disclosed to a third party."

22. In exhibits attached herein as exhibit D, exhibit E, and exhibit F Defendant demonstrates their promises to our confidentiality and protection of our Protected Health Information.

23. Given that Defendant has stated that their "taking steps to prevent recurrence of similar incidents" this breach could have been prevented because these "steps" are governed by the Federal HIPAA regulations and Defendant were and is obligated to uphold this responsibility to keep Plaintiff(s) information secured.

24. Defendant were at all times supposed to keep adequate security systems and protocols to protect Plaintiff(s) Protected Health Information.

25. Defendant were at all times supposed to reasonably protect and safeguard Plaintiff(s) Protected Health Information.

26. Defendant had a duty pursuant to HIPAA to give a timely notice to Plaintiff(s) regarding the data breach.

27. In general, Plaintiff(s) has the right to privacy and Defendant has caused unwarranted invasion of privacy to Plaintiff(s) Protected Health Information by allowing a "third-party medical provider who is permitted access to the system" to access such records.

28. It is said by consumer reporting agency Experian that "If you have ever been a victim of a data breach, the dark web is a place where your sensitive information might live. If your information is there, criminals can potentially use it to commit fraud." *See exhibit J*

29. Plaintiff(s) values their Protected Health Information and has suffered harm by invasion of privacy, broken promises, negligence, lost and stolen Protected Health Information, and lost time.

30. Plaintiff(s) information are in the hands of criminals and will suffer substantial injury as a result of Defendant failure to keep Plaintiff(s) Protected Health Information safe.

31. Plaintiff(s) are at prodigious risk for aggravated identity theft, cybercrimes, and general ruined reputation.

### V.   COUNT ONE CLAIM FOR RELIEF

#### Negligence with Security and Privacy 45 CFR 164 Subpart A & B

32. Plaintiff realleges and incorporates the foregoing paragraphs verbatim.

33. Defendant negligence against security and privacy violation claims include but are not limited to:

34. Defendant were and is at all times is obligated to provide adequate data security to ensure that Plaintiff(s) Protected Health Information are protected against any threats or hazards.

35. Defendant has failed to keep physical, administrative, and technical safeguards to protect Plaintiff(s) as they are "taking steps to prevent recurrence of similar incidents" when such steps that are governed by HIPAA Federal Regulations were supposed to be put in place to prevent exposure of their Protected Health Information before the breach.

36. Defendant has failed to comply with their privacy policy.

37. Defendant has failed to take required security measures to protect Plaintiff(s) Protected Health Information.

38. Pursuant to 45 CFR § 164.306(a) Defendant has failed to (1) ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmits.

39. Pursuant to 45 CFR § 164.306(a) Defendant has failed to (2) Protect against any reasonably anticipated uses or disclosures of such information.

40. Pursuant to 45 CFR § 164.308 Defendant has failed to provide mandatory standards administrative safeguards.

41. Pursuant to 45 CFR § 164.310 Defendant has failed to provide mandatory standards physical safeguards.

42. Pursuant to 45 CFR § 164.312 Defendant has failed to provide mandatory standards Technical safeguards.

43. Pursuant to 45 CFR § 164.316 Defendant has failed to adhere to Federal policies and procedures and documentation requirements.

44. Defendant has engaged in unfair practices affecting interstate commerce 15 U.S.C § 45 by failing to meet HIPAA Federal Regulation security and privacy standards.

45. Defendant knew that their vital role was to keep standard safeguards and has failed to keep Plaintiff(s) Protected Health Information Protected.

46. Plaintiff(s) will suffer from substantial injury as their Protected Health Information are now in the hands of criminals.

47. Defendant has put Plaintiff(s) prodigious risk for aggravated identity theft, cybercrimes, and general ruined reputation.

48. Defendant has caused damages to Plaintiff(s) causing emotional distress, anxiety, mental anguish, lost time with family, invasion of privacy and is civilly liable to Plaintiff(s) for actual damages, punitive damages, statutory damages, and reasonable attorney fees.

### VI. COUNT TWO CLAIM FOR RELIEF
#### Breach Of Contract

49. Plaintiff realleges and incorporates the foregoing paragraphs verbatim.

50. Defendant breach of contract violation claims include but are not limited to:

51. Defendants' "Notice of Privacy Practices" demonstrates its promises to Plaintiff(s) for Protected Health Information stating they will "abide by the most stringent of the regulations as they pertain to protected health information, including obtaining your prior written authorization, as required, before any such information is disclosed to a third party."

52. And that Defendant has failed to fulfill its part of this contract.

53. Defendant has breached this agreement when they allowed unauthorized access to Plaintiff(s) Protected Health Information and failed to "maintain the privacy of Protected Health Information" and did not get Plaintiff(s) "written authorization before [a]ny such information is disclosed to a third party."

54. Defendant also breached its agreement when it failed to keep confidential information such as Plaintiff(s) medical and treatment records under proper maintenance.

55. Plaintiff(s) values their data and will suffer from substantial injury as their Protected Health Information are now in the hands of criminals.

56. Defendant has put Plaintiff(s) prodigious risk for aggravated identity theft, cybercrimes, and general ruined reputation.

57. Defendant has caused damages to Plaintiff(s) causing emotional distress, anxiety, mental anguish, lost time with family, invasion of privacy and is civilly liable to Plaintiff(s) for actual damages, punitive damages, statutory damages, and reasonable attorney fees.

58.

## VII. PRAYER FOR EQUITABLE REFLIF

As a result of the foregoing violations, Defendant is civilly liable to Plaintiff for actual damages, punitive damages, statutory damages, and reasonable attorney fees. WHEREFORE, Plaintiff(s) demands a Judgement be entered against Defendant for the following:

a.) Actual Damages the court deem equitable;

b.) Punitive Damages for $10,000,000;

c.) Statutory Damages the court deem equitable;

d.) Reasonable attorney fees;

e.) Any other fees the court deem equitable;

## VIII. JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all claims so triable as a matter of law.

Justice Smith/ ATTORNEY IN FACT for
SMITH, JUSTICE
3445 NW 1ST CT APT 222
POMPANO BEACH, FL 33069
Justicemays97@gmail.com
754-265-1992

Danielle Robinson/ ATTORNEY IN FACT for
ROBINSON, DANIELLE
3445 NW 1ST CT APT 222
POMPANO BEACH, FL 33069
Rdanielle1983@gmail.com
954-856-7888

April 15, 2022

## CERTIFICATE OF SERVICE

Justice smith & Danielle Robinson acknowledged Attorney in Fact certifies that on April 15, 2022 a copy of this complaint has been sent via certified mail to:

NORTH BROWARD HEALTH HISPITAL DISTRICT
1800 NW 49TH STREET
FORT LAUDERDALE, FL 33309